# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1413V
### Filed: May 7, 2019
UNPUBLISHED

|  |  |
|---|---|
| MELINDA MIDDLEBROOKS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Daniel Anthony Principato, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On October 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a left shoulder injury caused by a September 15, 2015 influenza ("flu") vaccination.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 24, 2018, respondent filed a Motion for a Factual Ruling, wherein respondent requested the undersigned make a factual ruling with respect to the onset of petitioner's left shoulder symptoms. ECF No. 43. A factual ruling with respect to the onset of petitioner's left shoulder symptoms was issued on February 4, 2018 finding that the onset of petitioner's injury was within 48 hours of her September 15, 2015 flu vaccination. ECF No. 43 at 8.

On April 19, 2019, respondent filed an Amended Rule 4(c) report. Respondent stated that, recognizing the factual finding is the law of the case, he will not defend the case on other grounds during further proceedings before the Office of Special Masters. Respondent's Rule 4(c) Report at 1.[3] Specifically, respondent has reviewed the evidence filed in this case, and in light of the Special Masters' fact ruling, has concluded that petitioner suffered a shoulder injury caused-in-fact by her September 15, 2015 vaccination. *Id.* at 7. Respondent further stated that he does not dispute petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent reserved his right to a potential appeal of the factual ruling and stated that a finding of entitlement to compensation could not be sustained if the Finding of Fact is vacated or overturned on appeal.